UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
KEVIN NUGENT, JR.,

                 Plaintiff,

v.

OFFICER GRAY, # 18367, and NYC
DEPARTMENT OF CORRECTION.,

                 Defendants.

**MEMORANDUM & ORDER**
19-CV-4251 (RRM) (CLP)

-----------------------------------------------------------------
ROSLYNN R. MAUSKOPF, Chief United States District Judge.

      Plaintiff, Kevin T. Nugent, Jr., who is detained on Rikers Island, brings this *pro se* civil rights action against a corrections officer and the Department of New York City Corrections pursuant to 42 U.S.C. § 1983. (Compl. (Doc. No. 1).) Nugent's June 19, 2019, submission included an application to proceed *in forma pauperis* ("IFP"), but it did not include the Prisoner Authorization form required by the Prisoner Litigation Reform Act ("PLRA"). On July 25, 2019, the Court sent Nugent a letter enclosing the PLRA form and directing him to return the completed form within 14 days from the date of the letter.

      On August 26, 2019, the Court received an amended complaint from Nugent. (Am. Compl. (Doc. No. 5).) The amended complaint raises the same allegations, but names two additional plaintiffs: detainees Thris Strobach and Christopher Cruz. (*Id.*) Nugent labeled the amended complaint as a "class action" and included a new IFP application, purportedly signed by all three plaintiffs. (*Id.*) However, none of the plaintiffs submitted the PLRA form.

      Where multiple plaintiffs file a joint action, each incarcerated plaintiff is required to pay the full filing fee. *See Lasher v. Dagostino*, No. 16-CV-0198, 2016 WL 1717205, at *2

1

(N.D.N.Y. Apr. 28, 2016) (citing *Ashford v. Spitzer*, No. 08-CV-1036, Dkt. No. 127 (N.D.N.Y. Mar. 16, 2010)) (holding that, in an action filed by multiple prisoners proceeding IFP, each of the plaintiffs "must individually comply with the [terms of] Section 1915(b)(1) which requires a prisoner to pay the full amount of the filing fee for any civil action commenced.").[1] Accordingly, plaintiffs may not proceed on this lawsuit until they have each submitted their own signed IFP application and their own PLRA authorization.

The Court reminds plaintiffs that a non-attorney appearing *pro se* may not represent another *pro se* litigant, including in a proposed class action. *See Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause."); *McLeod v. Crosson,* No. 89-CV-1952, 1989 WL 28416, at *1 (S.D.N.Y. Mar. 21, 1989) ("It is well settled in this circuit that *pro se* plaintiffs cannot proceed as class representatives."); *Johnson v. Newport Lorillard*, No. 01-CV-9587, 2003 WL 169797, at *1 n.4 (S.D.N.Y. Jan. 23, 2003) ("It is plain error for a *pro se* inmate to represent other inmates in a class action." (quotation marks omitted)). Accordingly, if

---

[1] The Court of Appeals for the Second Circuit has not specifically addressed this issue. Most other circuit courts to consider the question have required each prisoner to pay the full filing fee. *See Hagan v. Rogers*, 570 F.3d 146, 153−56 (3d Cir. 2009); *Boriboune v. Berge*, 391 F.3d 852, 856 (7th Cir. 2004) ("Complaints about prison-wide practices do not require more than one plaintiff. Complaints with a common core plus additional claims by different prisoners increase each plaintiff's risks under Rule 11 and § 1915(g) without a corresponding reduction in the filing fee; many prisoners will opt to litigate by themselves once they understand this, and the process will simplify litigation."); *Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001), *cert denied*, 534 U.S. 1136 (2002); *but see In re Prison Litig. Reform Act*, 105 F.3d 1131, 1138 (6th Cir. 1997) ("[E]ach prisoner should be proportionally liable for any fees and costs that may be assessed. Thus, any fees and costs that the district court or the court of appeals may impose shall be equally divided among all the prisoners."); *Pitts v. Ige*, No. 18-CV-470 (LEK) (RT), 2019 WL 1441599, at *4 (D. Haw. Apr. 1, 2019) (prohibiting multiple prisoners from filing a joint lawsuit: "If multiple prisoners were permitted to proceed with a joint action, and each paid the full filing fee, the fees collected would exceed the amount permitted by statute, in violation of § 1915(b)(3).").

plaintiffs intend to seek class certification, they must find counsel who can represent the interests of the entire class.

In light of plaintiffs' *pro se* status and the three-year statute of limitations applicable to § 1983 claims in New York, the Court grants plaintiffs additional time to file their IFP applications and PLRA forms.  However, if plaintiffs fail to comply with this Order and do not submit the completed and signed forms within 30 days from the date of this Order, the action will be dismissed.  No extension of time shall be granted without good cause shown.  The Clerk of Court is respectfully directed to mail a copy of this Order, along with IFP and PLRA forms, to Nugent, Strobach, and Cruz, individually.  The action will proceed only as to each plaintiff who returns the completed and signed forms.  No summonses shall issue and no response from defendants to this action is required at this time.

SO ORDERED.

Dated: Brooklyn, New York
       January 11, 2021

*Roslynn R. Mauskopf*
_____
ROSLYNN R. MAUSKOPF
Chief United States District Judge